O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| ALEX LIVSHETZ et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>FEDERAL INSURANCE COMPANY et al.,<br><br>          Defendants. | Case № 2:20-cv-03374-ODW (ASx)<br><br>**ORDER REMANDING ACTION; DENYING PENDING MOTIONS AS MOOT [11] [23] [31]** |

## I.     INTRODUCTION

Alex and Regina Livshetz initiated this action in Los Angeles County Superior Court and assert causes of action against Federal Insurance Company and Vincent Van Meter. (Compl., ECF No. 1-2; First Am. Compl. ("FAC"), ECF No. 1-8.) Federal and Van Meter removed the action to this Court on the basis of diversity jurisdiction, asserting Van Meter is fraudulently joined. (Notice of Removal ("NOR") ¶¶ 6–17, ECF No. 1.)

The Court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction. (Order to Show Cause ("OSC"), ECF No. 13.) The parties submitted responses. (Pls.' Resp., ECF No. 17; Defs.' Mem. in Resp. ("Defs.' Resp."), ECF No. 19.) For the following reasons, the Court

**REMANDS** the action to the Los Angeles County Superior Court and **DENIES AS MOOT** all pending motions. (ECF Nos. 11, 23, 31.)[1]

## II. BACKGROUND[2]

The Livshetzes own a single-family residence in Los Angeles. (FAC ¶ 6.) On or about May 9, 2018, an accidental fire damaged the Livshetzes' home, rendering it uninhabitable. (FAC ¶¶ 7, 11.) The Livshetzes promptly retained a public adjuster and made a claim under their homeowner's insurance policy with Federal. (FAC ¶¶ 8–10; Decl. of Luke Echterling ("Echterling Decl.") ¶ 11, Ex. 6 (contract between Livshetzes and their public adjuster), ECF No. 20-6.) Based on Federal's field adjuster's representation that the Livshetzes had coverage for temporary housing, the Livshetzes moved out temporarily, eventually entering a short-term lease for a single-family residence. (FAC ¶ 11.) Van Meter, Federal's handling adjuster, told the Livshetzes that it was acceptable for them to submit a copy of the signed lease and request advance payment for temporary housing. (FAC ¶¶ 12, 44.) The Livshetzes provided a copy of the lease, and Federal, through Van Meter, accepted coverage for the temporary housing and agreed to issue policy benefits for the Livshetzes' rental obligations "based on the lease." (FAC ¶ 12.) After moving back into their home, the Livshetzes learned that the landlord for their short-term rental, a close family friend, had not cashed their rent checks. (FAC ¶ 13.)

In March 2019, the Livshetzes and Federal negotiated an agreement whereby Federal would pay for repairs as well as additional living expenses for the Livshetzes

---

[1] After carefully considering the First Amended Complaint and the parties' Responses to the OSC, the Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The Court further deems the pending motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] In evaluating fraudulent joinder, courts may consider summary judgment-type evidence such as affidavits and deposition testimony. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). Defendants submitted such evidence. (*See generally* ECF Nos. 20–21.) This summary of facts incorporates Defendants' evidence only as relevant to Defendants' fraudulent joinder arguments responsive to the OSC.

during the repair period. (FAC ¶ 14.) The Livshetzes entered a one-year lease and submitted the lease agreement to Federal. (FAC ¶ 14.) In April 2019, Federal advised the Livshetzes that it had questions regarding their additional living expenses claim; the agreement between Federal and the Livshetzes fell apart, and the Livshetzes terminated the one-year lease before taking possession. (FAC ¶ 15.)

The Livshetzes sat for examinations under oath on Federal's request. (FAC ¶¶ 16–18.) On January 31, 2020, Federal denied coverage for the Livshetzes' claim in its entirety and refused to issue further payments. (FAC ¶ 19; Echterling Decl. ¶ 26, Ex. 17 ("Claim Denial Letter"), ECF No. 20-17.) Federal alleged the Livshetzes falsely represented that they had incurred rental payments for the purported leases, and that the Livshetzes failed to tell Federal that the checks they provided as proof of those payments were never cashed by the payees. (FAC ¶ 19; *see also* Claim Denial Letter 490 ("[Y]ou [the Livshetzes] . . . intentionally made material misrepresentations of fact, and concealed material facts, in your efforts to obtain additional living expense payments. Based on your intentional false representations and submitted documentation, part of your additional living expense claim was paid even though you have now acknowledged that you did not pay any rent . . . .").)

Accordingly, Alex and Regina Livshetz initiated this action in Los Angeles County Superior Court, against Federal, and amended their complaint to add a cause of action against Van Meter. (*See* FAC.) The Livshetzes assert the following claims: (1) breach of contract against Federal; (2) breach of the implied covenant of good faith and fair dealing against Federal; (3) violation of California Business and Professions Code section 17200 against Federal; and (4) negligent misrepresentation against Van Meter. (FAC ¶¶ 20–46.) Federal and Van Meter removed the action to this Court, invoking diversity jurisdiction and fraudulent joiner. (NOR ¶¶ 6–17.)

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v.*

3

*Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* Federal courts have a duty to examine their subject matter jurisdiction regardless of whether the parties raise the issue. *United Inv'rs Life Ins. Co.*, 360 F.3d at 966.

## IV. DISCUSSION

Defendants invoke the Court's diversity jurisdiction. (NOR ¶ 6.) However, Defendants admit Van Meter is a citizen of California, making him non-diverse from the Livshetzes. (NOR ¶¶ 7, 10.) Nevertheless, Defendants contend Van Meter's citizenship should be ignored because he was fraudulently joined to this action. (NOR ¶ 10; Defs.' Resp. 12–26.) The Court disagrees.

In evaluating whether complete diversity exists, district courts may disregard the citizenship of a fraudulently joined non-diverse defendant. *GranCare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). The Ninth Circuit has stated two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any

theory.'"  *Id.* (alteration in original) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

There is a general presumption against fraudulent joinder, so a removing party must prove it by clear and convincing evidence.  *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  A court must resolve all doubts against removal; any disputed questions of fact and ambiguities in controlling state law must be resolved in favor of the non-removing party.  *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1051–52 (C.D. Cal. 2013) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42–43 (5th Cir. 1992)).  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *GranCare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046); *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (stating that a defendant is fraudulently joined only "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious according to the settled rules of the state*" (emphasis added)).

Here, the Livshetzes assert a single claim of negligent misrepresentation against Van Meter, Federal's handling adjuster.  (FAC ¶¶ 42–46.)  In *Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (2014), a California appellate court recognized that an insurance adjuster can be liable for negligent misrepresentation.  Many federal district courts interpreting *Bock* have concluded that remand is appropriate where an adjuster is named as a defendant to a negligent misrepresentation claim because such claims are not "obviously foreclosed according to settled principles."  *Zuccolotto v. Zurich Am. Ins. Co.*, No. 8:16-cv-01277-JLS (KESx), 2016 WL 10981515, at *3 (C.D. Cal. Sept. 26, 2016) (collecting cases); *see also, e.g.*, *Nido v. Nationwide Mut. Ins. Co.*, No. 19 CV-07724-LHK, 2020 WL 1865324, at *5 (N.D. Cal. Apr. 14, 2020) (collecting cases).

Defendants encourage the Court to adopt a narrow reading of *Bock*, arguing that it is well-settled that an agent such as an insurance adjuster may be liable only for independent torts committed outside the scope of the agency. (Defs.' Resp. 12–21; *see, e.g., id.* at 14 (quoting *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000), for the proposition that "[a]n agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency").) However, *Bock* "flatly contradict[s]" this argument. *Zuccolotto*, 2016 WL 10981515, at *3; *see Bock*, 225 Cal. App. 4th at 230 (rejecting argument that "insurance adjusters can never be liable for negligent misrepresentation claims if the false statement was made in the course of the adjuster's employment," and dismissing *Icasiano* as "unpersuasive"). Regardless, even if Defendants' argument for a narrow interpretation of *Bock* were persuasive, in this fraudulent joinder inquiry, any ambiguity in state law must be resolved in favor of the Livshetzes. *Onelum*, 948 F. Supp. 2d at 1051–52. The Court need not—and does not—decide the proper scope of *Bock* to conclude that the decision "has arguably opened the door, even a little," to negligent misrepresentation claims against adjusters. *818Computer, Inc. v. Sentinel Ins. Co.*, No. CV 19-0009-MWF (PLAx), 2019 WL 698102, at *4 (C.D. Cal. Feb. 19, 2019).

The Court also respectfully declines to follow *Feizbakhsh v. Travelers Commercial Insurance Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296 (C.D. Cal. Sept. 9, 2016), as Defendants urge. (*See* Defs.' Resp. 19–21.) The *Feizbakhsh* court, examining whether an adjuster has a duty of care to an insured, distinguished *Bock* on the basis that the state court only analyzed a circumstance in which an adjuster's alleged negligent misrepresentation resulted in physical injury. *Id.* at *5–6. The district court reasoned that *Bock* "did not discuss or create a duty owed by an employee of an insurer for all conduct." *Id.* at *6. But *Bock* expressly recognized a duty owed by an adjuster to an insured and considered that a negligent misrepresentation claim against an adjuster could arise "where information is

conveyed in a commercial setting for a business purpose." *Bock*, 225 Cal. App. 4th at 229 (citation omitted). In any event, *Feizbakhsh*'s reasoning does not resolve the uncertainty surrounding the proper scope of *Bock* recognized by several federal courts. *See 818Computer*, 2019 WL 698102, at *4 (distinguishing *Feizbakhsh* on the basis of this uncertainty); *see also Maghsoodi v. Assurant, Inc.*, No. CV 16-3867-GW (GJSx), 2016 WL 4411479, at *4 (C.D. Cal. Aug. 15, 2016) (examining *Bock* and declining to find fraudulent joinder "even in the absence of any threatened or realized physical injury to Plaintiff"). Because the reach of *Bock* is not "obvious according to the settled rules of the state," finding fraudulent joinder here is not appropriate. *McCabe*, 811 F.2d at 1339.

Defendants also argue that the Livshetzes have not met heightened federal pleading standards in articulating their negligent misrepresentation claim. (Defs.' Resp. 21–23 (citing Fed. R. Civ. P. 9(b)).) Even if true, a defendant is not fraudulently joined where "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *GranCare*, 889 F.3d at 550. Defendants have not shown that the Livshetzes' purported failure to meet the appropriate pleading standard could not be cured by amendment. *See Nido*, 2020 WL 1865324, at *8–9 (rejecting argument that failure to satisfy Rule 9(b) pleading standard, without a further showing that pleading deficiencies could not be cured by amendment, warrants a finding of fraudulent joinder).

Finally, Defendants argue that Plaintiffs cannot plead or prove the justifiable reliance and resulting damage elements of their claim against Van Meter. (Defs.' Resp. 23–24); *see Bock*, 225 Cal. App. 4th at 231 (outlining elements of negligent misrepresentation). As for justifiable reliance, the Livshetzes allege they relied on Van Meter's misrepresentation by providing evidence of their temporary living arrangements in the manner Van Meter prescribed: by presenting a signed lease before taking possession of the rental property. (*See* FAC ¶ 45 (stating the Livshetzes "reasonably believ[ed] that a duly executed lease was sufficient" in reliance on Van

Meter's representations).)  Defendants argue that because the Livshetzes retained a public adjuster only days after the fire, they could not have relied on Van Meter's misrepresentations. (Defs.' Resp. 23–24; Echterling Decl., Ex. 6.)  Contrary to Defendants' argument, the Livshetzes' retention of a public adjuster early in the claim process does not render their reliance *per se* unreasonable on the facts alleged. *C.f. Smith v. Brown*, 59 Cal. App. 2d 836, 838 (1943) ("[R]ecovery is not permitted when the representee makes his own investigation, discovers the true facts, and *acts without reliance upon the representations*." (emphasis added)).  As for resulting damage, Plaintiffs allege that their reliance on Van Meter's representations resulted in Federal's refusal to pay policy benefits.  (FAC ¶ 46.)  Defendants present the Claim Denial Letter to argue the Livshetzes reliance was not the cause of the denial, but that letter does not preclude the Livshetzes from proving this allegation.  (*See* Defs.' Resp. 24.)  Indeed, Federal states it denied coverage, at least in part, on the basis that the Livshetzes presented purportedly false evidence of incurred additional living expenses.  (Claim Denial Letter 489–90.)  The "false representations and submitted documentation" Federal identifies included signed leases—the form of proof Van Meter represented would be acceptable.  (Claim Denial Letter 490.)

In short, the evidence and arguments Defendants present do not vitiate the possibility that the Livshetzes could plead and prove facts supporting a negligent misrepresentation claim against Van Meter.  Accordingly, the Court must find that joinder was proper.  *GranCare*, 889 F.3d at 549–50.  Diversity of citizenship is therefore lacking, and the Court lacks original jurisdiction over this action.  28 U.S.C. §§ 1332(a), 1441(a).  The action was improperly removed and must be remanded to the Los Angeles County Superior Court.  28 U.S.C. § 1447(c); *Gaus*, 980 F.2d at 566.

///

///

///

///

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012, No. 20STCV06506. The pending motions to dismiss and motion to remand (ECF Nos. 11, 23, 31) are **DENIED AS MOOT**. All dates and deadlines are **VACATED**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

August 17, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**